

YELENA SHAROVA, ESQ. *+
NANI KIM ESQ. *
DOMINIQUE MYERS ESQ. *
THOMAS J. TYRRELL JR. ESQ. *
*NY +NJ

Telephone 1.718.766.5153
Facsimile 1.718.504.3599
Email dmyers@sharovalaw.com

PARALEGALS:
FRANKLIN DAVIS JR
ALVIN KORSUNSKIY
MABEL SANTANA
GRIGORIY SHUBA

August 16, 2024

**VIA ECF**
U.S. Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re: Seok Jae Yang v. Sunrise Senior Service LLC et al
       U.S. District Court, Eastern District of New York
       Case: 1-24-cv-05459-TAM

Your Honor:

  Our Firm represents the defendants, Sunrise Senior Service LLC, Mr. Taeyoung Song and Ms. Jieun Oh (the "Sunrise Defendants") in connection with the above-referenced matter.

  Pursuant to Your Honor's Individual Rules, the Sunrise Defendants respectfully request a pre-motion conference seeking leave to file a motion to dismiss on the following grounds: (i) Plaintiff's failure to state a claim with respect to its first and second causes of action, pursuant to Fed. R. Civ. Pro. 12(b)(6); (ii) Plaintiff's complaint as against the Sunrise Defendants is frivolous and designed to harass the Sunrise Defendants, pursuant to Fed. R. Civ. Pro. 12(b)(6); (iii) Plaintiff lacks standing to sue under Fed. R. Civ. Pro. 12(b)(1); and (iv) Plaintiff is estopped from filing this Federal Court action as against the Sunrise Defendants because he already has a pending action in State Court in which he has substantially asserted the same causes of action. A copy of the State Court, summons and complaint are hereto annexed as Exhibit A.

  In addition, Plaintiff has been engaged in a bitter smear campaign and pattern of harassment against the Sunrise Defendants ever since he and the Sunrise Defendants had a falling out over a business dispute in early 2022, see Exhibit B. As a result, the Sunrise Defendants are requesting a pre-motion conference to seek the Court's leave to file an application for a Temporary Restraining Order to restrain Plaintiff from contacting the Sunrise Defendants' business associates, vendors, and/or clients to interfere with their business relationships and contracts, as it is clear they will suffer further immediate irreparable injury, unless the Court issues an order restraining Plaintiff from the foregoing conduct, including, in the case of Ms. Oh, her employer.



1. **Failure To State A Claim**

Civil RICO claims are subject to heightened pleading requirements. *Besicorp Ltd. v. Kahn,* 290 A.D.2d 147, 151, 736 N.Y.S.2d 708 (3rd Dep't 2002) (RICO claims are "the litigation equivalent of a thermonuclear device"). "The elements that must be pleaded to state a civil RICO claim are '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Podraza v. Carriero,* 212 A.D.2d 331, 335, 630 N.Y.S.2d 163 (4th Dep't 1995)(quoting *Sedima v. Imrex Co.,* 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985)); see 18 U.S.C. § 1962(c). A plaintiff must establish the four elements as to each individual defendant. *See United States Fire Ins. Co. v. United Limousine Serv.,* 303 F.Supp.2d 432, 451 (S.D.N.Y. 2004).

Plaintiff has failed to plead sufficient facts to establish the elements of a Civil RICO claim as against each of the Sunrise Defendants. Indeed, Plaintiff's claims are not connected to reality and fall far short of the *Twombly* plausibility standard. In addition to Plaintiff having no factual basis for asserting any of the claims that the Sunrise Defendants engaged in the predicate acts, beyond calling into question the invoices that were provided by the Sunrise Defendants in separate litigation, the truth and accuracy of which was already certified to by reason of their disclosure in the State Court action, it is now simply attempting to bootstrap an allegation of garden variety common law fraud into a civil RICO claim.

Further, the predicate acts alleged as against the Sunrise Defendants are by and large not related to the conduct of the Sunrise Defendants and are not sufficiently related to show specifically that the Sunrise Defendants engaged in "a pattern of racketeering activity." Similarly, Plaintiff has failed to assert any facts tending to show that the Sunrise Defendants were part of an "enterprise."

2. **Lack of Standing**

The RICO plaintiff must show that he was the intended target of the RICO scheme. *See W.L. Meng v. Schwartz*, 116 F. Supp. 2d 92, 95 (D. D.C. 2000) (finding that within the context of RICO a RICO plaintiff must be the "intended target of the RICO violation") quoting *In re Am. Express*, 39 F.3d 395, 400 (2d Cir. 1994); *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 549 (S.D.N.Y. 2002) ("[t]o have standing, plaintiffs must show that they were the 'intended targets' of the RICO violations"). Thus, the success of a RICO plaintiff's claim depends in part on the ability to show that the injuries alleged were the preconceived purpose or the specifically intended consequence of the defendants' racketeering activities, or else it is not considered the "necessary result" or "foreseeable consequence" of the defendant's actions. *See Medgar Evers Houses Tenants Assoc. v. Medgar Evers Houses Assoc*., 25 F. Supp. 2d 116, 122 3 The Practical Litigator January 2006 RICO Pleading 4 (E.D.N.Y. 1998); *G-I Holdings, Inc*. 238 F. Supp. 2d at 549. Simply put, a RICO plaintiff cannot establish standing if the injury alleged is the derivative result of a fraudulent scheme that is actually targeting another victim.



Here, Plaintiff has cast farfetched aspersions without any factual basis to allege that the Sunrise Defendants were allegedly involved in a kickback scheme designed to enrich themselves and the other named Defendants, without any plausible connection between Plaintiff's purported injury of being denied the monies he believes he is entitled to in connection with a business dispute that is the subject of a state court action involving an assignment of membership interest in Defendant Sunrise Senior Service LLC.

3. **Collateral Estoppel**

In addition, Plaintiff should be estopped from bringing this breach of contract action guised as a Civil Rico Claim against the Sunrise Defendants in Federal Court because he has already brought the very same causes of action in a State Court Action.

2. **Plaintiff's Claims Are Frivolous and the Sunrise Defendants Are Entitled to a TRO**

Plaintiff appears to be on an unhinged vendetta based on some loose connection between the Sunrise Defendants and a purported incident that occurred between Plaintiff's ex-wife and a business associate of Sunrise. (A copy of Plaintiff's Complaint filed in his State Court Action is attached hereto as Exhibit A and goes into more detail about that.) Moreover, Plaintiff has engaged in egregious and abhorrent conduct directed to the Sunrise Defendants, since the filing of his State Court Action in 2022, which may very well rise to the level of criminal conduct, including attempting to extort money from the Sunrise Defendants by threatening to reveal the immigration status of Defendant Ms. Oh and a Sunrise employee (*see* NY Penal Law § 135.60), as well as bogus charges of criminal conduct, threats which he made good on when Defendants did not pay up, by unnecessarily including references thereto in his state court complaint, and now, after parting ways with his attorneys in the State Court Action, in the Complaint filed in the matter presently before your Honor in this Court.

Further, since the filing of this Federal Court Action, it has come to the Sunrise Defendants' attention that Plaintiff has taken it upon himself to forward a copy of the federal complaint to entities who are service providers, insurers and other associates of Defendant Sunrise Senior Service LLC. Copies of the emails are hereto annexed as Exhibit B. These include Village Care, Centers Plan/Centers Lab, and Metro Jewish Health System. The communications with these non-parties serves no legitimate legal purpose with respect to this action. The only reason for such communication by Plaintiff is for him to harass, intimidate and harm the Sunrise Defendants' standing and reputation in their community, their business relationships and tortiously interfere with business opportunities. Indeed, Defendant Sunrise has already been the subject of an inspection and audit as a result of this conduct, and our clients are working around the clock to fend off the loss of their business caused by the reputational harm Plaintiff has inflicted with his harassing behavior. Also, in the case of Ms. Oh, she has been subject to a meeting with her supervisor after Plaintiff contacted her employer directly.



      For the reasons set forth herein, the Sunrise Defendants seek a conference to set a briefing schedule for our Motion to Dismiss and for our motion, by order to show cause, for Preliminary Injunction and Temporary Restraining Order.

                                                  Respectfully Submitted,

                                                  Dominique Myers
                                                Attorney for the Defendants
                                                By: /s/ Dominique Myers

CC: All Parties (via ECF)