# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
SEOK JAE YANG,

                                  Plaintiff,

      -against-

TAEYOUNG SONG, JIEUN OH, and
SUNRISE SENIOR SERVICE LLC

                                Defendants.
-------------------------------------------------------------------x

Index No.:
Date Summons Filed:

Plaintiff designates Queens County as the place of trial

**SUMMONS**

The incident took place in Queens County, New York.

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated:  May 19, 2022
           New York, New York

                                            RHA KIM GROSSMAN & MCILWAIN, LLP

                                            */s/ Leopold Raic*

                                            _____
                                            By: Leopold Raic, Esq.
                                            *Attorneys for Plaintiff*
                                            266 W 37th St., Suite 1600
                                            New York, New York 10018
                                            Tel.: (718) 321-9797

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
SEOK JAE YANG,

                                                     Index No.:

                       Plaintiff,

                                             **VERIFIED COMPLAINT**

        -against-

TAEYOUNG SONG and JIEUN OH, and
SUNRISE SENIOR SERVICE LLC

                              Defendants.
-------------------------------------------------------------------x

Plaintiff, Seok Jae Yang, by their attorneys, RHA KIM GROSSMAN & MCILWAIN, LLP, complaining of the Defendants hereby alleges:

## THE PARTIES

1. At all times herein, SEOK JAE YANG (hereafter "Plaintiff") is and was an individual residing in Manhasset, New York.

2. Upon information and belief, Defendant Taeyoung Song (hereafter "Defendant Song") is an individual residing in Queens County.

3. Upon information and belief, Defendant Jieun Oh (hereafter "Defendant Oh") is an individual residing in Queens County.

4. Upon information and belief, Defendant Sunrise Senior Service LLC is a limited liability company organized under the laws of the State of New York.

## FACTUAL ALLEGATIONS

5. In or around December of 2018, Plaintiff Yang, Kang San Lee (hereafter "Mr. Lee"), and Jin Young Kang started a business together, whereby they would provide services to the elderly Korean community in Queens.

2

6. In or around December of 2018, the business entity started by Plaintiff Yang, Mr. Lee and Jin Young Kim was formally known as Sunrise Senior Services LLC.

7. In or around June of 2020, Plaintiff Yang became the sole owner of Sunrise Senior Services LLC, purchasing all the remaining ownership interest from Mr. Lee and Mr. Kang.

8. In or around June of 2020, Mr. Lee continued to work with Sunrise Senior Services LLC, through a marketing and consulting company he formed called KangSan Consulting LLC.

9. In or around January of 2022, Plaintiff Yang became independently aware of a scandalous personal entanglement between Mr. Lee and Plaintiff Yang's wife.

10. Specifically, Plaintiff Yang caught his wife and Mr. Lee "red-handed" engaging in adultery at a seedy area motel, during the workday.

11. This immediately led to a divorce between Plaintiff and his wife, and necessitated Plaintiff Yang's separation from doing business with Mr. Lee and Sunrise Senior Services, LLC.

12. In or around February of 2022, Plaintiff Yang agreed to sell his entire ownership interest in Sunrise Senior Services LLC to Defendant Song and Defendant Oh, who were employees of the business.

13. Upon information and belief, Defendant Oh is involved in a romantic relationship with Mr. Lee.

14. Upon information and belief, Defendant Oh was unaware of the personal matter between Mr. Lee and Plaintiff Yang's wife, necessitating Plaintiff Yang's separation from the business.

15. On or about February 8, 2022, Plaintiff Yang and Defendants entered into a contract, whereby Defendants would purchase Sunrise Senior Services LLC from Plaintiff Yang.

16. On or about February 18, 2022, Plaintiff Yang and Defendants entered into an Amended and Restated Assignment of Membership Interests in furtherance of Defendants' purchase of the business from Plaintiff Yang.

17. Pursuant to the terms and conditions of the contracts, Defendant Song and Defendant Oh would each receive 50% interest in Sunrise Senior Services LLC from Plaintiff Yang.

18. Pursuant to the terms and conditions of the contracts, in exchange for sale of his entire business interest to Defendants, Plaintiff Yang would be entitled to all Accounts Receivable of the Company incurred on or before February 8, 2022.

19. Plaintiff Yang only received $2,000 in compensation for the entire sale of Sunrise Senior Services LLC to Defendants.

20. Upon information and belief, Defendants failed to compensate Plaintiff Yang with receivables payments due in February from multiple insurance carriers, including but not limited to, Integra Insurance, Agewell New York, and VillageCare.

21. Upon information and belief, Defendants changed business bank accounts without Plaintiff's knowledge, and instructed the respective insurance carriers to issue payments to the new accounts, preventing Plaintiff Yang from being adequately compensated for the sale of Sunrise Senior Services LLC.

22. Upon information and belief, Defendants changed bank accounts for the purpose of evading Plaintiff's oversight of the accounts receivable, because Defendants have been using

4

some of those receivables to pay seniors to attend their center, in contravention of the Medicaid rules and regulations.

23. Plaintiff spoke with Defendant Song on multiple occasions, and Defendant Song initially denied that any new account had been created, and then stopped responding any way to Plaintiff.

24. Upon information and belief, Defendant Oh is currently in the process of filing for the procurement of a Green Card, and has invested and taken an interest in Sunrise Senior Service LLC without the requisite immigration status to hold such an interest.

25. Upon information and belief, Mr. Lee owns a marketing company called KangSan Consulting LLC., which he is using to violate the Medicaid rules.

26. Upon information and belief, Hyun Soo Cho was employed by Mr. Lee as an accounting clerk for Sunrise Senior Services LLC.

27. Upon information and belief, Hyun Soo Cho is currently employed by Sunrise Senior Services LLC in an illegal capacity, as he does not possess a Visa allowing him to work in the United States.

28. Upon information and belief, Hyun Soo Cho is currently being compensated for employment services to both Sunrise Services LLC and KangSan Consulting LLC, in clear violation of the law.

29. Upon information and belief, Plaintiff is owed approximately $180,000.00 in Accounts Receivable for the sale of Sunrise Senior Services LLC to Defendants.

30. Upon information and belief, Plaintiff incurred further expenses post-sale in the amount of approximately $6,000.00, for which he is entitled to compensation under the terms of the contract.

31. Upon information and belief, Plaintiff sustained monetary damages in the amount of approximately $186,000.00.

32. Plaintiff attempted to contact Defendants (via phone call and text message) regarding the compensation owed to him for the sale of Sunrise Senior Services LLC, to no avail.

33. To date, the Defendants have failed to adequately compensate Plaintiff Yang for the sale of Sunrise Senior Services LLC to Defendants, and are taking steps to jeopardize the business' ability to pay in the future.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Contract—as to all Defendants.)

34. Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs as fully set forth herein.

35. Defendants entered into a written agreement with Plaintiff, to procure Plaintiff's business, known as Sunrise Senior Services LLC.

36. Plaintiff fulfilled his obligations under the agreement by transferring his entire ownership interest to Defendants, in exchange for Plaintiff's entitlement to all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022.

37. Defendants breached their obligations under the agreement, by failing to provide Plaintiff with all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022.

38. As a result of Defendants' breach, Plaintiff sustained monetary damages, totaling $186,000.00.

39. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but believed to be not less than $186,000.00, together with interest thereon, reasonable attorneys' fees, and costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(<u>Unjust Enrichment</u>—as to all Defendants)

40. Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs as fully set forth herein.

41. As a result of Defendants' misrepresentations and wrongful acts, the Plaintiff was harmed by failing to rightfully receive all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022, in an amount of $186,000.00.

42. Upon information and belief, the money received by the Defendants for all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022, was used by the Defendants to enrich themselves.

43. Defendants' enrichment came at the expense of Plaintiff.

44. It is against equity and good conscience to permit Defendants to retain the benefits they realized through their falsehoods and unauthorized receipt of all Accounts Receivable of Sunrise Senior Service LLC, incurred on or before February 8, 2022.

45. Additionally, the steps taken by the Defendants since purchasing the business violate multiple laws and regulations, jeopardizing the business' ability to remain financially solvent and consequently imperiling Plaintiff's recovery of the accounts receivable.

46. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but believed to be not less than $186,000.00, together with interest thereon, reasonable attorneys' fees, and costs and disbursements of this action.

47. Consequently, if for any reason a Court were to find that there is no enforceable contract between the Parties entitling Plaintiff to relief, he is entitled to recovery his damages through this cause of action for unjust enrichment.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. On the First cause of action against Defendants for breach of contract in the sum of at least $186,000.00, with the precise amount to be determined at trial;

B. On the Second cause of action against Defendants for unjust enrichment in the sum of at least $186,000.00, with the precise amount to be determined at trial;

C. Awarding Plaintiff its costs, expenses, interest, and reasonable attorneys' fees; and

D. Granting to Plaintiff such other, further, and different relief as may be just and proper, together with the costs and disbursements of this action.

Dated: May 19, 2022
New York, New York

RHA KIM GROSSMAN & MCILWAIN, LLP

*/s/ Leopold Raic*

By: Leopold Raic, Esq.
*Attorneys for Plaintiff*
266 W 37th St., Suite 1600
New York, New York 10018
Tel.: (718) 321-9797
Fax: (718) 321-9799

8

ATTORNEY VERIFICATION

      Leopold Raic, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following under penalty of perjury:

      That he is an attorney of the firm Rha Kim Grossman & McIlwain, LLP, attorneys for the Plaintiff, Seok Jae Yang, in the above-captioned matter.

      That your affiant has read the foregoing Verified Complaint and knows the contents thereof.

      That the same is true to affiant's own knowledge, based upon documents in our file and conversations with the Plaintiff.

      That this verification is made by your affiant as affiant maintains his offices in a county other than where the Plaintiff, Seok Jae Yang, resides.

Dated: May 19, 2022

                                  */s/ Leopold Raic*

                                  Leopold Raic, Esq.

Index No.:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

**SEOK JAE YANG,**

**Plaintiff,**

-against-

**TAEYOUNG SONG, JIEUN OH, and**
**SUNRISE SENIOR SERVICE LLC**

**Defendants.**

*SUMMONS AND VERIFIED COMPLAINT*

**RHA KIM GROSSMAN & MCILWAIN, LLP**
**By: Leopold Raic, Esq.**
*Attorneys for Plaintiff*
266 W 37th St., Suite 1600
New York, NY 10018
Bayside, NY 11361
Tel.: (718) 321-9797
Fax: (718) 321-9799

**EXECUTED PURSUANT TO Section 130-1.1-a of the NYCRR**

*/s/ Leopold Raic*

**LEOPOLD RAIC, ESQ.**