

45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com
Website: www.ahnejilaw.com

August 19, 2024

*Via ECF*
Hon. Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13D
Brooklyn, New York 11201

      **Re:** **Yang v. Sunrise Senior Service LLC, et al.**
         **Case No.: 1:24-cv-05459-TAM**

Dear Judge Merkl:

  This office represents the Plaintiff, Seok Jae Yang, in the above-referenced matter. Plaintiff respectfully submits this letter in response to the Sunrise Defendants' Pre-Motion Conference Request Letter, dated August 16, 2024 (ECF Dkt. No.: 9).

**1.**  **Failure to State a Claim:**

  The Sunrise Defendants erroneously contend that civil RICO claims are subject to heightened pleading requirements without citing to any supporting authority. Of course, the Sunrise Defendants could not, and cannot, cite to any relevant authority because civil RICO claims are not subject to the heightened pleading requirements with the exception of allegations of fraudulent predicate acts. *McLaughlin v. Anderson*, 962 F.2d 187, 194 (2d Cir. 1992) (holding that "the more lenient pleading standards" of Rule 8[a] apply to claim of extortion alleged as RICO predicate acts.); *Hecht v. Commerce Clearing House, Inc*., 897 F.2d 21, 26 n.4 (2d Cir. 1990) ("[o]n its face, Rule 9[b] applies only to fraud or mistake, not to conspiracy. [A] pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal pleading requirements of Rule 8[a]."); *Jus Punjabi, LLC v. Get Punjabi, Inc*., 2015 WL 2400182, at *7 (S.D.N.Y. May 20, 2015) ("[m]oney laundering claims are not subject to the heightened pleading standard of Rule 9[b]…).

  Plaintiff has sufficiently pleaded that the Sunrise Defendants conducted and participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activities of conspiring with other named Defendants to execute the schemes described in the Complaint, receiving the fake invoices knowing that they were fake via interstate wire communication, causing those fake invoices to be transmitted to Plaintiff, using those fake invoices to defraud Plaintiff, depriving Plaintiff of Sunrise's Accounts Receivable incurred on or before February 8,

2022, wiring the funds they received from various insurance companies under the Federal Medicaid and Medicare programs to Aurum Trading and Defendant You as if those funds were wired for the purpose of purchasing food products from Aurum Trading, wiring the funds they received from various insurance companies under the Federal Medicaid and Medicare programs for the purpose of money laundering and cash distributions and payouts, and conspiring to distribute cash payouts to Sunrise's elderly clients and other seniors in the form of "kickbacks," "rebates," or "allowances" for the purpose of inducing them to enroll in Sunrise's daycare program or to remain as Sunrise's clients. Additionally, Defendant Oh conducted and participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activities of receiving the proceeds of unlawful activities of money laundering with the knowledge that those proceeds were the products of money laundering and that they were stolen, unlawfully converted, or taken. *See* Compl. ¶¶ 282, 303, 342, 343 (ECF Dkt. No.: 1).

Thus, the Sunrise Defendants' contention that Plaintiff has failed to sufficiently plead "a pattern of racketeering activity" or an "enterprise" with respect to the Sunrise Defendants is simply without merit. Plaintiff has sufficiently pleaded the fact that the Sunrise Defendants were, and still are, associated with the alleged enterprise(s) and that they engaged in a pattern of racketeering activities for the purpose of money laundering, financially enriching themselves, and defrauding Plaintiff. *See Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006) (In reviewing a motion to dismiss pursuant to Rule 12[b][6] of the Fed. R. Civ. P., the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2. **Lack of Standing**:

The Sunrise Defendants, relying on *In re Am. Express*, 39 F.3d 395, 400 (2d Cir. 1994), once again erroneously contend that a RICO plaintiff must show that he was the intended target of the RICO scheme.

Indeed, the Second Circuit later clarified that "in *American Express* we were simply quoting these phrases ["preconceived purpose" and "specifically intended consequence"] from the plaintiffs' brief, which argued that the defendants had specifically intended the injuries. We rejected those claims on their own terms, but we did not generalize from the plaintiffs['] argument that RICO plaintiffs were required to demonstrate that the injury was the 'preconceived purpose.'" *Baisch v. Gallina*, 346 F.3d 366, 375 N.1 (2d Cir. 2003).

Plaintiff has sufficiently pleaded: (i) that the alleged predicate acts occurred after Plaintiff transferred his ownership interest in Sunrise Senior Service LLC to Defendants Song and Oh; (ii) how Defendants, including the Sunrise Defendants, orchestrated the scheme described in the Complaint; (iii) how Defendants caused damages to Plaintiff; and (iv) the injury to Plaintiff was reasonably foreseeable or anticipated as a natural consequence of Defendants' conduct and behavior. *See generally*, Compl. (ECF Dkt. No.: 1). *See, e.g., Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 14-15 (2010) (discussing its holding in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 [2008], in which it concluded that the plaintiff's theory of causation was "straightforward" and noted that the plaintiff was also the only party injured by the alleged predicate act.).

### 3. Collateral Estoppel:

Collateral estoppel applies when four factors are met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Boguslavsky v. Kaplan*, 159 F.3d 715, 719-720 (2d Cir. 1998).

None of the elements are met here. As evidenced by the state court complaint, the claims for breach of contract and unjust enrichment cannot possibly be the "very same causes of action" as claims for Federal RICO and Conspiracy to Commit Substantive RICO violations. The issues in the state court action are whether the Sunrise Defendants breached a contract and whether they were unjustly enriched, whereas the issues in the instant lawsuit are whether Defendants, including the Sunrise Defendants, have violated 18 U.S.C. §§ 1962(c) and (d) and whether Plaintiff was damaged in his business or property by reason of Defendants' violations of 18 U.S.C. §§ 1962(c) and (d). Additionally, in order for the Sunrise Defendants to invoke collateral estoppel, they should establish that a court of competent jurisdiction has entered a final judgment on the merits. *See NML Capital, Ltd. v. Banco Central de la Republica Argentina*, 652 F.3d 172, 184 (2d Cir. 2011). As conceded by the Sunrise Defendants, there is a pending action, and the state court has not issued a final judgment on the merits. Thus, collateral estoppel is not applicable.

### 4. Preliminary Injunction and TRO:

The Sunrise Defendants are not entitled to a Preliminary Injunction and TRO just because Plaintiff has allegedly forwarded a copy of the Complaint to various insurance companies.

"A person is generally privileged to interfere with a contract interest where such interference is made in protection of an equal or superior right." *Rudoff v. Huntington Symphony Orchestra Inc.*, 91 Misc. 2d 264, 265 (App. Term 1977). "[A] privilege may extend to a taxpayer who objects to the expenditure of public money." *Id.*; *see also* Prosser on Torts, 3d ed., ch. 26, s 123, p. 968.

Here, sufficient justification for Plaintiff's conduct exists. As a private citizen, who believes that the Sunrise Defendants' conduct of laundering the insurance reimbursement proceeds they received under the Federal Medicaid and Medicare programs for their own financial benefits would not be a prudent use of public funds, Plaintiff's right to inform them is superior to the Sunrise Defendants' right to maintain an action for interference or to obtain a TRO. The Sunrise Defendants cannot possibly argue before this Court that their contract interests with various insurance companies are superior to the public interest in safeguarding the public funds and using the public funds for their intended purposes while they engage in fraudulent, money laundering transactions for their own financial benefits.

In any event, Plaintiff does not intend to contact the Sunrise Defendants' business associates, vendors, and/or clients; thus, Plaintiff respectfully submits that there is no need for a Preliminary Injunction and TRO at this juncture.

By reasons of the foregoing, Plaintiff respectfully requests that the Court deny the Sunrise Defendants' request for a pre-motion conference, as they have failed to articulate the grounds on which they seek to dismiss the Complaint and obtain a Preliminary Injunction and TRO.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ Younghoon Ji_____
**AHNE & JI, LLP**
By: Younghoon Ji, Esq.