

45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com
Website: www.ahnejilaw.com

August 30, 2024

<u>Via ECF</u>
Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

        **Re:**    **Yang v. Sunrise Senior Service LLC, et al.**
              **Case No.: 1:24-cv-05459-TAM**

Dear Judge Hall:

      This office represents the Plaintiff, Seok Jae Yang, in the above-referenced matter. Pursuant to Paragraph III(A)(5) of Your Honor's Individual Practices, Plaintiff respectfully submits this letter in response to the Sunrise Defendants' Pre-Motion Conference Request Letter, dated August 26, 2024 (ECF Dkt. No.: 23).

    **1.**   **<u>Failure to State a Claim</u>:**

      The Sunrise Defendants' request for a pre-motion conference is premised upon their fundamental misunderstanding of the RICO jurisprudence. Contrary to their contention, civil RICO claims are not subject to the heightened pleading requirements, except for allegations of fraudulent predicate acts. *See, e.g., Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990) ("[o]n its face, Rule 9[b] applies only to fraud or mistake, not to conspiracy. [A] pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal pleading requirements of Rule 8[a]."); *Jus Punjabi, LLC v. Get Punjabi, Inc.*, 2015 WL 2400182, at *7 (S.D.N.Y. May 20, 2015) ("[m]oney laundering claims are not subject to the heightened pleading standard of Rule 9[b]…"); *Exec. Photo, Inc. v. Norrell*, 756 F. Supp. 798, 802 (S.D.N.Y. 1991) (heightened particularity standard applicable to averments of fraud and mistake is not applicable in civil RICO action involving nonfraud-based predicate acts.); *D. Penguin Bros. Ltd. v. City Nat. Bank*, 587 F. App'x 663, 666 (2d Cir. 2014) (for the "other elements of a RICO claim – such as non-fraud predicate acts or… the existence of an 'enterprise' – a plaintiff's complaint need satisfy only the 'short and plain statement' standard of Rule 8[a].").

      Thus, the Sunrise Defendants' contention that Plaintiff has failed to sufficiently plead "a pattern of racketeering activity" or an "enterprise" with respect to the Sunrise Defendants is simply without merit, as Plaintiff has sufficiently pleaded, *inter alia*, the fact that the Sunrise Defendants

1

were, and still are, associated with the alleged enterprise, they engaged in a pattern of racketeering activities for the purpose of defrauding Plaintiff, money laundering, and financially enriching themselves, the predicate acts are related, and there is a threat of continuing criminal activity. *See* Amended Compl. ¶¶ 82-110, 233-409 (ECF Dkt. No.: 21). *See, e.g.,* 18 U.S.C. § 1961(4) (an enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."); *United States v. Turkette*, 452 U.S. 576, 583 (1981) (a racketeering enterprise is proven through "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."); *Procter & Gamble Co. v. Big Apple Industrial Buildings, Inc.*, 879 F.2d 10, 15 (2d Cir. 1989) (evidence of an ongoing organization, the associates of which function as a continuing unit, suffices to prove an enterprise.); *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 81, 97 (2d Cir. 1997) ("[t]o establish a 'pattern' of racketeering activity, a plaintiff must plead 'at least two predicate acts, and show that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity.'").

2. **Lack of Standing**:

The Sunrise Defendants, relying on *In re Am. Express*, 39 F.3d 395, 400 (2d Cir. 1994), once again erroneously contend that a RICO plaintiff must show that he was the intended target of the RICO scheme.

Indeed, the Second Circuit later clarified that "in *American Express* we were simply quoting these phrases ["preconceived purpose" and "specifically intended consequence"] from the plaintiffs' brief, which argued that the defendants had specifically intended the injuries. We rejected those claims on their own terms, but we did not generalize from the plaintiffs['] argument that RICO plaintiffs were required to demonstrate that the injury was the 'preconceived purpose.'" *Baisch v. Gallina*, 346 F.3d 366, 375 N.1 (2d Cir. 2003).

In any event, Plaintiff not only has sufficiently pleaded clear and definite injury to his business or property in the amount of $439,267.00, but also has sufficiently pleaded that: (a) Defendants intentionally and fraudulently targeted Plaintiff; (b) decided to deprive Plaintiff of the Accounts Receivable incurred on or before February 8, 2022 to which Plaintiff was, and still is, entitled; (c) laundered the monies that belonged to Plaintiff for their own financial benefits by engaging in the described pattern of racketeering activities; (d) the injury to Plaintiff was reasonably foreseeable or anticipated as a natural consequence of Defendants' conduct and behavior; (e) Defendants' unlawful actions in violation of 18 U.S.C. §§ 1962(c) and (d) led directly to Plaintiff's injury; and (f) Plaintiff is the only known victim at this juncture. Amended Compl. ¶¶ 15, 84-86, 88-90, 108-409 (*emphasis added* ¶¶ 387-409) (ECF Dkt. No.: 21).

The Amended Complaint sufficiently alleges that Defendants laundered the monies that belonged to Plaintiff for their own financial benefits by intentionally targeting Plaintiff to deprive him of the Accounts Receivable; thus, the Sunrise Defendants' contention that there is no plausible connection between Plaintiff's injury and the predicate acts and that Plaintiff's injury was the derivative result of a fraudulent scheme is without merit. *See, e.g., Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 14-15 (2010) (discussing its holding in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 [2008], in which it concluded that the plaintiff's theory of causation was "straightforward" and noted that the plaintiff was also the only party injured by the alleged predicate act.).

3. **Collateral Estoppel:**

Collateral estoppel applies when four factors are met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Boguslavsky v. Kaplan*, 159 F.3d 715, 719-720 (2d Cir. 1998).

None of the elements are met here. As evidenced by the state court complaint, the claims for breach of contract and unjust enrichment cannot possibly be the "very same causes of action" as claims for Federal RICO and Conspiracy to Commit Substantive RICO violations. The issues in the state court action are whether the Sunrise Defendants breached a contract and whether they were unjustly enriched, whereas the issues in the instant lawsuit are whether Defendants, including the Sunrise Defendants, have violated 18 U.S.C. §§ 1962(c) and (d) and whether Plaintiff was damaged in his business or property by reason of Defendants' violations of 18 U.S.C. §§ 1962(c) and (d). Additionally, in order for the Sunrise Defendants to invoke collateral estoppel, they should establish that a court of competent jurisdiction has entered a final judgment on the merits. *See NML Capital, Ltd. v. Banco Central de la Republica Argentina*, 652 F.3d 172, 184 (2d Cir. 2011). As conceded by the Sunrise Defendants, there is a pending action, and the state court has not issued a final judgment on the merits. Thus, collateral estoppel is not applicable.

4. **Preliminary Injunction and TRO:**

As a preliminary matter, to the extent that the Sunrise Defendants' counsel insinuates criminal prosecution against Plaintiff, the undersigned respectfully points out that Rule 3.4(e) of the New York Rules of Professional Conduct prohibits lawyers from threatening criminal charges solely to obtain an advantage in a civil matter.

"A person is generally privileged to interfere with a contract interest where such interference is made in protection of an equal or superior right." *Rudoff v. Huntington Symphony Orchestra Inc.*, 91 Misc. 2d 264, 265 (App. Term 1977). "[A] privilege may extend to a taxpayer who objects to the expenditure of public money." *Id.*; *see also* Prosser on Torts, 3d ed., ch. 26, s 123, p. 968.

Here, sufficient justification for Plaintiff's conduct exists. As a private citizen, who believes that the Sunrise Defendants' conduct of laundering the insurance reimbursement proceeds they received under the Federal Medicaid and Medicare programs, which included the monies that belonged to Plaintiff, for their own financial benefits would not be a prudent use of public funds, Plaintiff's right to inform them is superior to the Sunrise Defendants' right to maintain an action for interference or to obtain a TRO. The Sunrise Defendants cannot possibly argue before this Court that their contract interests with various insurance companies are superior to the public interest in safeguarding the public funds and using them for their intended purposes while they engage in fraudulent, money laundering transactions for their own financial benefits.

In any event, Plaintiff does not intend to contact the Sunrise Defendants' business associates, vendors, clients, and/or any insurance carriers; thus, Plaintiff respectfully submits that there is no need for a Preliminary Injunction and TRO at this juncture.

By reasons of the foregoing, Plaintiff respectfully requests that the Court deny the Sunrise Defendants' request for a pre-motion conference, as they have failed to articulate the grounds on which they seek to dismiss the Amended Complaint and obtain a Preliminary Injunction and TRO.

We thank the Court for its time and consideration in this matter.

                                                  Respectfully submitted,

                                                  /s/ Younghoon Ji_____
                                                  **AHNE & JI, LLP**
                                                  By: Younghoon Ji, Esq.