**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Yang Seok-Jae,
Plaintiff,

v.

**Yoo Ji-Hoon (AURUM TRADING) and others**,
Defendants.

**Case No. 1:24-cv-05459-TAM**

**LETTER REQUEST FOR PERMISSION TO JOIN IN DEFENSE OF DEFENDANT SONG,**
**TAE-YOUNG**

Honorable Judge Hal,

Honorable Brenna B. Mahoney,
Clerk of Court,
United States District Court for the Eastern District of New York.

Dear Ms. Mahoney,

I Yoo, Ji-Hoon represent the defendant Arum Trading in the above-referenced case.
Recently I received a new complaint from Yang, Seok-Jae which closely mirrors an
ongoing STATE case involving Song, Tae-Young Oh, Ji-Eun and Sunrise. This is the
second time such a complaint has been unexpectedly filed against me causing both
confusion and stress.

Honorable Judge, I was trying to process this matter personally by myself, but I found
out that it is required for corporations to hire lawyers, resulting that I must hire an
attorney to defend myself in this case adds significantly to my distress. Unlike individuals,
who are allowed to represent themselves in court, corporations—no matter how small—
are mandated by law to obtain legal representation. This process has been not only
daunting but also financially crippling. Most of the attorneys I've consulted have quoted
fees ranging from $100,000 to $200,000, which is an amount I simply cannot afford.

Mr. Yang, as a Certified Public Accountant (CPA), has extensive knowledge of legal and

financial systems, which he appears to be using deliberately to manipulate the situation to cause further damage in a calculated effort to exhaust my finances and resources in finding legal counsel.

It is deeply unfair that I am forced to bear such exorbitant costs to defend myself in a case that I did not initiate and in which I am not the primary party. I was originally a witness (exhibit 1) in the STATE case and now I find myself as a defendant dragged into a legal battle between Yang Seok-Jae and Song Tae-young.

In the STATE case (Index No.: 710786/2022) (exhibit 1) I was mentioned by Yang, Seok-Jae and I complied fully with a Subpoena he sent in January 2024 (exhibit 2) (Subpoena 1. all related documents) Affidavit (exhibit 3) (March 2024) – admit that there were no transactions made between me and Sunrise Aurum has never been involved in food services or distribution. (exhibit 3) by submitting all requested documents to his attorney in March 2024 (exhibit 4). Despite following the legal requirements including providing the requested documents Mr. Yang, Seok-Jae abruptly disappeared mid proceedings causing the case to be on held and later we found out that he moved to another state.

To add to this troubling situation, I received a phone call from Mr. Jeong, Yong-Il who introduced himself as an attorney representing Sunrise. "We need you admit that the documents you submitted were false and you can face legal consequences if you do not comply." When I questioned his representation "My name is Jeong, Yong-Il and I represent Sunrise." However, upon further investigation I discovered that he was representing Mr. Yang, Seok-Jae not Sunrise. This deception and intimidation into making false admissions caused considerable emotional distress.

Additionally, Yang, Seok-Jae sent threatening text message demanding that I acknowledge that the documents I provided were fraudulent. He warned that if I did not comply, I would face legal consequences and uncomfortable situations. (I will provide proof of this text message in exhibit 5). His persistent harassment through both legal channels and personal threats has made this process unbearable.

Considering the ongoing litigation and the substantial overlap with the issues in the STATE case and who knows Mr. Yang may disappear again or harass me with additional threats. I respectfully ask the Court to permit me to represent myself in this matter or if the Court finds it necessary, I request permission to join Mr. Song, Tae-Young's defense proceedings. This would help streamline the legal matters for me a victim to Mr. Yang's devious tactics.

Thank you for your time and attention to this matter. I sincerely hope for the Court's understanding and consideration.

Respectfully,

Yoo, Ji-Hoon
Defendant, Arum Trading

**Date**: 10/17/2024
**Address**: 55 WEST 47TH ST, Suite 1060, New York, NY 10036
**Phone**: (917) 829-0640

Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x

SEOK JAE YANG,

Plaintiff,

-against-

TAEYOUNG SONG, JIEUN OH, and
SUNRISE SENIOR SERVICE LLC

Defendants.
-------------------------------------------------------------------x

Index No.:
Date Summons Filed:

Plaintiff designates Queens County as
the place of trial

**SUMMONS**

The incident took place in Queens
County, New York.

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated: May 19, 2022
New York, New York

RHA KIM GROSSMAN & MCILWAIN, LLP

*/s/ Leopold Raic*

By: Leopold Raic, Esq.
*Attorneys for Plaintiff*
266 W 37th St., Suite 1600
New York, New York 10018
Tel.: (718) 321-9797

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
SEOK JAE YANG,

                                        Index No.:

                   Plaintiff,

                                     **VERIFIED COMPLAINT**

        -against-

TAEYOUNG SONG and JIEUN OH, and
SUNRISE SENIOR SERVICE LLC

                   Defendants.
-------------------------------------------------------------------x

       Plaintiff, Seok Jae Yang, by their attorneys, RHA KIM GROSSMAN & MCILWAIN,

LLP, complaining of the Defendants hereby alleges:

## THE PARTIES

      1.     At all times herein, SEOK JAE YANG (hereafter "Plaintiff") is and was an

individual residing in Manhasset, New York.

      2.     Upon information and belief, Defendant Taeyoung Song (hereafter "Defendant

Song") is an individual residing in Queens County.

      3.     Upon information and belief, Defendant Jieun Oh (hereafter "Defendant Oh") is

an individual residing in Queens County.

      4.     Upon information and belief, Defendant Sunrise Senior Service LLC is a limited

liability company organized under the laws of the State of New York.

## FACTUAL ALLEGATIONS

      5.     In or around December of 2018, Plaintiff Yang, Kang San Lee (hereafter "Mr.

Lee"), and Jin Young Kang started a business together, whereby they would provide services to

the elderly Korean community in Queens.

                                                                         2

6.     In or around December of 2018, the business entity started by Plaintiff Yang, Mr. Lee and Jin Young Kim was formally known as Sunrise Senior Services LLC.

7.     In or around June of 2020, Plaintiff Yang became the sole owner of Sunrise Senior Services LLC, purchasing all the remaining ownership interest from Mr. Lee and Mr. Kang.

8.     In or around June of 2020, Mr. Lee continued to work with Sunrise Senior Services LLC, through a marketing and consulting company he formed called KangSan Consulting LLC.

9.     In or around January of 2022, Plaintiff Yang became independently aware of a scandalous personal entanglement between Mr. Lee and Plaintiff Yang's wife.

10.     Specifically, Plaintiff Yang caught his wife and Mr. Lee "red-handed" engaging in adultery at a seedy area motel, during the workday.

11.     This immediately led to a divorce between Plaintiff and his wife, and necessitated Plaintiff Yang's separation from doing business with Mr. Lee and Sunrise Senior Services, LLC.

12.     In or around February of 2022, Plaintiff Yang agreed to sell his entire ownership interest in Sunrise Senior Services LLC to Defendant Song and Defendant Oh, who were employees of the business.

13.     Upon information and belief, Defendant Oh is involved in a romantic relationship with Mr. Lee.

14.     Upon information and belief, Defendant Oh was unaware of the personal matter between Mr. Lee and Plaintiff Yang's wife, necessitating Plaintiff Yang's separation from the business.

3

15.     On or about February 8, 2022, Plaintiff Yang and Defendants entered into a contract, whereby Defendants would purchase Sunrise Senior Services LLC from Plaintiff Yang.

16.     On or about February 18, 2022, Plaintiff Yang and Defendants entered into an Amended and Restated Assignment of Membership Interests in furtherance of Defendants' purchase of the business from Plaintiff Yang.

17.     Pursuant to the terms and conditions of the contracts, Defendant Song and Defendant Oh would each receive 50% interest in Sunrise Senior Services LLC from Plaintiff Yang.

18.     Pursuant to the terms and conditions of the contracts, in exchange for sale of his entire business interest to Defendants, Plaintiff Yang would be entitled to all Accounts Receivable of the Company incurred on or before February 8, 2022.

19.     Plaintiff Yang only received $2,000 in compensation for the entire sale of Sunrise Senior Services LLC to Defendants.

20.     Upon information and belief, Defendants failed to compensate Plaintiff Yang with receivables payments due in February from multiple insurance carriers, including but not limited to, Integra Insurance, Agewell New York, and VillageCare.

21.     Upon information and belief, Defendants changed business bank accounts without Plaintiff's knowledge, and instructed the respective insurance carriers to issue payments to the new accounts, preventing Plaintiff Yang from being adequately compensated for the sale of Sunrise Senior Services LLC.

22.     Upon information and belief, Defendants changed bank accounts for the purpose of evading Plaintiff's oversight of the accounts receivable, because Defendants have been using

4

some of those receivables to pay seniors to attend their center, in contravention of the Medicaid rules and regulations.

23.     Plaintiff spoke with Defendant Song on multiple occasions, and Defendant Song initially denied that any new account had been created, and then stopped responding any way to Plaintiff.

24.     Upon information and belief, Defendant Oh is currently in the process of filing for the procurement of a Green Card, and has invested and taken an interest in Sunrise Senior Service LLC without the requisite immigration status to hold such an interest.

25.     Upon information and belief, Mr. Lee owns a marketing company called KangSan Consulting LLC., which he is using to violate the Medicaid rules.

26.     Upon information and belief, Hyun Soo Cho was employed by Mr. Lee as an accounting clerk for Sunrise Senior Services LLC.

27.     Upon information and belief, Hyun Soo Cho is currently employed by Sunrise Senior Services LLC in an illegal capacity, as he does not possess a Visa allowing him to work in the United States.

28.     Upon information and belief, Hyun Soo Cho is currently being compensated for employment services to both Sunrise Services LLC and KangSan Consulting LLC, in clear violation of the law.

29.     Upon information and belief, Plaintiff is owed approximately $180,000.00 in Accounts Receivable for the sale of Sunrise Senior Services LLC to Defendants.

30.     Upon information and belief, Plaintiff incurred further expenses post-sale in the amount of approximately $6,000.00, for which he is entitled to compensation under the terms of the contract.

5

31.     Upon information and belief, Plaintiff sustained monetary damages in the amount of approximately $186,000.00.

32.     Plaintiff attempted to contact Defendants (via phone call and text message) regarding the compensation owed to him for the sale of Sunrise Senior Services LLC, to no avail.

33.     To date, the Defendants have failed to adequately compensate Plaintiff Yang for the sale of Sunrise Senior Services LLC to Defendants, and are taking steps to jeopardize the business' ability to pay in the future.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract—as to all Defendants.)

34.     Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs as fully set forth herein.

35.     Defendants entered into a written agreement with Plaintiff, to procure Plaintiff's business, known as Sunrise Senior Services LLC.

36.     Plaintiff fulfilled his obligations under the agreement by transferring his entire ownership interest to Defendants, in exchange for Plaintiff's entitlement to all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022.

37.     Defendants breached their obligations under the agreement, by failing to provide Plaintiff with all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022.

38.     As a result of Defendants' breach, Plaintiff sustained monetary damages, totaling $186,000.00.

39.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but believed to be not less than $186,000.00, together with interest thereon, reasonable attorneys' fees, and costs and disbursements of this action.

6

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment—as to all Defendants)

40.    Plaintiff repeats, reiterates, reincorporates, and realleges the allegations contained in all preceding paragraphs as fully set forth herein.

41.    As a result of Defendants' misrepresentations and wrongful acts, the Plaintiff was harmed by failing to rightfully receive all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022, in an amount of $186,000.00.

42.    Upon information and belief, the money received by the Defendants for all Accounts Receivable of Sunrise Senior Services LLC, incurred on or before February 8, 2022, was used by the Defendants to enrich themselves.

43.    Defendants' enrichment came at the expense of Plaintiff.

44.    It is against equity and good conscience to permit Defendants to retain the benefits they realized through their falsehoods and unauthorized receipt of all Accounts Receivable of Sunrise Senior Service LLC, incurred on or before February 8, 2022.

45.    Additionally, the steps taken by the Defendants since purchasing the business violate multiple laws and regulations, jeopardizing the business' ability to remain financially solvent and consequently imperiling Plaintiff's recovery of the accounts receivable.

46.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but believed to be not less than $186,000.00, together with interest thereon, reasonable attorneys' fees, and costs and disbursements of this action.

47.    Consequently, if for any reason a Court were to find that there is no enforceable contract between the Parties entitling Plaintiff to relief, he is entitled to recovery his damages through this cause of action for unjust enrichment.

7

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. On the First cause of action against Defendants for breach of contract in the sum of at least $186,000.00, with the precise amount to be determined at trial;

B. On the Second cause of action against Defendants for unjust enrichment in the sum of at least $186,000.00, with the precise amount to be determined at trial;

C. Awarding Plaintiff its costs, expenses, interest, and reasonable attorneys' fees; and

D. Granting to Plaintiff such other, further, and different relief as may be just and proper, together with the costs and disbursements of this action.

Dated: May 19, 2022
New York, New York

RHA KIM GROSSMAN & MCILWAIN, LLP

*/s/ Leopold Raic*

_____
By: Leopold Raic, Esq.
*Attorneys for Plaintiff*
266 W 37th St., Suite 1600
New York, New York 10018
Tel.: (718) 321-9797
Fax: (718) 321-9799

8

## ATTORNEY VERIFICATION

Leopold Raic, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following under penalty of perjury:

That he is an attorney of the firm Rha Kim Grossman & McIlwain, LLP, attorneys for the Plaintiff, Seok Jae Yang, in the above-captioned matter.

That your affiant has read the foregoing Verified Complaint and knows the contents thereof.

That the same is true to affiant's own knowledge, based upon documents in our file and conversations with the Plaintiff.

That this verification is made by your affiant as affiant maintains his offices in a county other than where the Plaintiff, Seok Jae Yang, resides.

Dated: May 19, 2022

/s/ Leopold Raic
_____
Leopold Raic, Esq.

9

Index No.:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

**SEOK JAE YANG,**

**Plaintiff,**

-against-

**TAEYOUNG SONG, JIEUN OH, and**
**SUNRISE SENIOR SERVICE LLC**

**Defendants.**

---

### *SUMMONS AND VERIFIED COMPLAINT*

---

**RHA KIM GROSSMAN & MCILWAIN, LLP**
**By: Leopold Raic, Esq.**
*Attorneys for Plaintiff*
266 W 37th St., Suite 1600
New York, NY 10018
Bayside, NY 11361
Tel.: (718) 321-9797
Fax: (718) 321-9799

---

**EXECUTED PURSUANT TO Section 130-1.1-a of the NYCRR**

*/s/ Leopold Raic*

---

**LEOPOLD RAIC, ESQ.**

10

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
SEOK JAE YANG,

                                  Plaintiff,                          Index No.: 710786/2022

                -against-                                  **SUBPOENA**
                                                            **DUCES TECUM**

TAEYOUNG SONG, JIEUN OH, and
SUNRISE SENIOR SERVICE LLC,

                                  Defendants.
------------------------------------------------------------------X

To:     Aurum Trading Inc.
        55 W 47th Street,
        Suite 1060,
        New York, NY 10036

       **WE COMMAND YOU,** that all business and excuses being laid aside, to appear at the Law Firm of Rha Kim Grossman & McIlwain, LLP, located at 29 W 36th St., Suite 402, New York, NY 10018 on February 26, 2024, at 10:00 a.m., and at any recessed or adjourned date to **give testimony regarding the above-entitled matter and that you produce no later than February 5, 2024 by email to jkaplan@rhakimlaw.com,** the documents identified in Exhibit A hereto.

       Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable for the penalties provided for may subject you to penalties and other lawful punishment under N.Y. CPLR 2308 and 3120 and/or other applicable statutes.

       If you withhold any document responsive to this Subpoena on ground of privilege or other legal doctrine, please provide (1) the type of document, (2) the date of the document, (3) the author(s) and recipient(s) of the document, (4) the general subject matter of the document, and (5) the legal ground for withholding the document. If the legal ground for withholding the document is attorney-client privilege, please indicate the name of the attorney(s) whose legal advice is sought or provided in the document.

       **TAKE NOTICE THAT** this Subpoena imposes a continuing obligation to produce the documents requested. Documents located at any time after your response is due shall be promptly produced at the place specified in the subpoena.

       **TAKE NOTICE THAT** the undersigned deems the documents and information requested by this Subpoena to be relevant and material to the above-entitled proceeding. The

reason these documents are sought is that Defendant Sunrise Senior Services LLC has alleged that you provided them with food products and/or other goods and services during the months prior to February 8, 2022, and that you invoiced them for substantial amounts of money, amounting to several thousand dollars each day. They additionally allege that as of February 8, 2022, you were owed approximately $371,664 for food items provided within a two-month period.

As the accounts receivable and payable are crucial issues in the underlying lawsuit, your testimony and documents are sought to substantiate these claims. Please advise us if you will require an interpreter for your examination under oath.

Any and all inquiries about this subpoena shall be directed to the person who requested issuance of this subpoena, whose name, address, and telephone number appear below.

Dated: January 17, 202
New York, New York

By: Jaclyn T. Kaplan, Esq.
Rha Kim Grossman & McIlwain, LLP
*Attorneys for Plaintiff*
29 W 36th Street, Suite 402
New York, NY 10018
Tel.: (718) 321-9797

# EXHIBIT A

1. Itemized records sufficient to substantiate the invoices allegedly sent by Aurum to Sunrise Senior Services LLC bearing the following dates:

   December 1, 2021
   December 2, 2021
   December 3, 2021
   December 6, 2021 (two)
   December 7, 2021
   December 8, 2021
   December 9, 2021
   December 10, 2021
   December 13, 2021
   December 14, 2021
   December 15, 2021 (two)
   December 16, 2021 (two)
   December 17, 2021
   December 20, 2021
   December 21, 2021
   December 22, 2021
   December 23, 2021
   December 24, 2021
   December 27, 2021
   December 28, 2021
   December 29, 2021
   December 30, 2021
   December 31, 2021
   January 3, 2022
   January 4, 2022
   January 5, 2022
   January 6, 2022
   January 7, 2022 (two)
   January 10, 2022
   January 11, 2022
   January 12, 2022
   January 13, 2022
   January 14, 2022
   January 17, 2022
   January 18, 2022
   January 19, 2022
   January 20, 2022
   January 21, 2022
   January 24, 2022

January 25, 2022
January 26, 2022
January 27, 2022
January 28, 2022
January 31, 2022
February 1, 2022

2. Itemized records of payments made by Sunrise Senior Services LLC to Aurum during the period September 2021 through present.

3. Text communications, Kakao Talk records, and other electronic messages sent or received by Jihoon You from or to Taeyoung Song, Jieun Oh, or other employees/managers/owners of Sunrise Senior Services LLC during the period February 8, 2022 through present.

4. Records sufficient to show Aurum's purchase from third parties of the food items appearing on the above-listed invoices, along with proof of payment thereof.

5. Copies of the 1099 or other tax form for tax year 2021 reporting the receipt of funds by Aurum from Sunrise Senior Services LLC.

6. Copies of the ledger showing payments for the goods described in the above-listed invoices, and payments made by Sunrise Senior Services LLC from September 2021 through present.

7. Logs reflecting the delivery or shipment of the goods described in the above-listed invoices, both to Aurum from a third party, and from Aurum to Sunrise Senior Services LLC.

Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

SEOK JAE YANG,

Index No.: 710786/2022

                              Plaintiff,          **AFFIDAVIT**

        -against-

TAEYOUNG SONG, JIEUN OH, and
SUNRISE SENIOR SERVICE LLC,

                              Defendants.

-------------------------------------------------------------------X

STATE OF _____ )
                        ) ss:
COUNTY OF_____ )

_____, being duly sworn, says:

1. I am aware of the above-captioned court case between Steve Yang ("Mr. Yang"),

   Taeyoung Song ("Mr. Song"), Jieun Oh ("Ms. Oh") and Sunrise Senior Service LLC

   ("Sunrise").

2. I work as the_____ at Aurum Trading ("Aurum").

3. My duties include: _____.

4. Aurum provides financial advising services and business services to companies.

5. Aurum has provided business services to Sunrise.

6. Aurum does not, nor has it ever been involved in food service or product distribution.

7. Aurum has never issued invoices to Sunrise Service LLC for the purchase of food, food

   goods, or other products.

8. If called upon to testify, I will provide testimony consistent with this affidavit.

NAME _____

Subscribed and sworn to before me
On this ___ day of March 2024

_____
Notary Public

Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SEOK JAE YANG,

Plaintiff,

-against-

TAEYOUNG SONG, JIEUN OH and SUNRISE
SENIOR SERVICE LLC,

Defendants.

INDEX # **710786/2022**

**AURUM TRADING
INC.'S RESPONSES AND
OBJECTIONS TO SEOK
JAE YANG'S SUBPOENA
DUCES TECUM**

Pursuant to the New York Civil Practice Law and Rules ("CPLR") Article 31, and all other

applicable rules, Non-Party, Aurum Trading, Inc., ("Aurum"), by its undersigned counsel, hereby

issues these responses and objections to Plaintiff Seok Jae Yang ("Plaintiff") Subpoena Duces

Tecum dated January 17, 2024 (the "Subpoena") and the Document Requests therein (the

"Requests") as follows:

Aurum makes its responses subject to the following general objections:

1.      Aurum issues the following responses and objections without prejudice to any of

Aurum's other rights. Nothing contained herein is intended to waive any of Aurum's rights with

respect to the Subpoena or rights under the CPLR. Aurum reserves all rights, including the right

to asset further objections.

2.      Aurum objects to each Request to the extent it is overly broad, unduly burdensome,

not reasonably calculated to lead to the discovery of information relevant to the parties' claims or

defenses, seeks documents that are already in the possession, custody, or control of Plaintiff.

3.      Aurum objects to each Request to the extent it calls for production of any

documents or information prior to the Court's entry of a protective order that governs the

confidentiality of Aurum's documents or information. Aurum will not produce any documents or information prior to entry of such protective order. To the extent Plaintiff proposes a protective order, Aurum will review and consider its terms.

4.      Aurum objects to each Request to the extent that it seeks documents or information protected by the attorney-client privilege or attorney work product doctrines, or documents or information that constitute trade secrets or other confidential, proprietary, or non-public information.

5.      Aurum objects to each request to the extent that it seeks documents or information governed by confidentiality agreements between Aurum and third parties or that would otherwise implicate the privacy interest of third parties.

6.      Aurum objects to the Requests to the extent that they purport to impose obligations beyond those required by the CPLR or the Rules of this Court. To the extent that responses are required to the Requests, Aurum will respond in accordance with the CPLR and the Rules of this Court.

7.      By responding to any Request for production, Aurum does not concede the materiality or relevance of the subject to which the request for the production refers, nor does Aurum accept the characterizations made by the requests for production. Aurum answers and responses are made subject to non-waiver of any objections with regard to any of the documents produced hereto or referenced herein, whether in this matter or in any subsequent action or proceeding, including those based upon competency, relevancy, materiality, privilege, or admissibility of the documents produced hereto or referenced herein.

8.      Aurum objects to the Requests to the extent that they request documents are outside the possession, custody, and control of Aurum.

9. Aurum objects to the Requests to the extent that they are unreasonably cumulative and duplicative and seeks information available from other sources, including the Plaintiff and Defendants in the instant action.

10. Aurum objects to the Requests to the extent that they are unlimited in scope, subject or time.

11. Aurum objects to the Requests to the extent that they seek "all" information on a topic or identification of "all" persons concerning a particular topic as overbroad, unduly burdensome, oppressive, harassing, and/or not reasonably calculated to lead to the discovery of admissible evidence. Aurum will produce responsive, unprivileged information that it can locate after a reasonably diligent search and based on the information available to it as of the date of these responses.

12. Aurum objects to each Request as overbroad as to time to the extent that Plaintiff seeks information outside of the relevant statute of limitations period for the subject matter of this proceeding.

13. Aurum objects to the Requests to the extent they impose or seek to draw legal conclusions, assume the existence of facts or circumstances which do not or did not exist, and seek information or documents containing the opinions, mental impressions, or theories of counsel.

14. Aurum objects to the Requests because same are onerous and unduly burdensome in purporting to require the disclosure or production of information of material not relevant to the subject matter involved in the pending action.

15. Aurum objects to the Requests because they are ridden with requests that are duplicative.

16.     Aurum objects to the Requests to the extent that they are unreasonably cumulative or duplicative or demand production of documents that are obtainable from other source that is more convenient, less burdensome.

17.     Aurum objects to the Requests that extent same purport to require production of documents or materials that are already in Defendants' possession, custody and/or control, which Defendants are legally obligated to prepare and maintain.

18.     The failure of Aurum to make a specific objection to a particular request is not, and shall not be construed as, an admission of knowledge of the information or existence of the information sought therein.

19.     The responses herein are provided with the understanding that they will not be construed as an admission of any definition contained within the Requests as either factually correct or legally binding against Aurum.

20.     These responses and objections shall be for the purposes of this proceeding only and shall be subject to such pertinent admissibility as may be interposed in subsequent proceedings or responses.

21.     Aurum reserves the right to supplement and/or amend the objections and/or responses to these requests for production should responsible documents not previously produced be located.

## OBJECTIONS AND RESPONSES TO SUBPOENA DUCES TECUM

1.    **Document Request No. 1**: Itemized records sufficient to substantiate the invoices

allegedly sent by Aurum to Sunrise Senior Service LLC bearing the following dates:

December 1, 2021
December 2, 2021
December 3, 2021
December 6, 2021 (two)
December 7, 2021
December 8, 2021
December 9, 2021
December 10, 2021
December 13, 2021
December 14, 2021
December 15, 2021 (two)
December 16, 2021 (two)
December 17, 2021
December 20, 2021
December 21, 2021
December 22, 2021
December 23, 2021
December 24, 2021
December 27, 2021
December 28, 2021
December 29, 2021
December 30, 2021
December 31, 2021
January 3, 2022
January 4, 2022
January 5, 2022
January 6, 2022
January 7, 2022 (two)
January 10, 2022
January 11, 2022
January 12, 2022
January 13, 2022
January 14, 2022
January 17, 2022
January 18, 2022
January 19, 2022
January 20, 2022
January 21, 2022
January 24, 2022
January 25, 2022

January 26, 2022
January 27, 2022
January 28, 2022
January 31, 2022
February 1, 2022

**Response:** Aurum incorporates by reference its General Objections. Aurum objects to this request on the grounds that this request is overbroad, ambiguous vague, unduly burdensome and insufficiently tailored in its scope. Plaintiff has not provided any parameters for the documents they seek. Given the virtually limitless scope of this request, responding would require an unnecessary expenditure of time for irrelevant and/or duplicative documents and/or for documents in the possession and control of Defendants. In light of the foregoing, this request is also not proportional to the needs of this case. Aurum further object to the Requests because same are onerous and unduly burdensome in purporting to require the disclosure or production of information or material not relevant to the subject matter involved in the pending action.

Aurum further objects this request to the extent it seeks documents or materials that are likely to be in the possession and/or control of Plaintiff, Defendants or Defendants' agents or which are accessible to Defendants by other means and/or documents. Notwithstanding the foregoing general objections and objections *see* **Exhibit 1.**

2.    Itemized records of payments made by Sunrise Senior Services LLC to Aurum during the period September 2021 through present.

**Response:** Aurum incorporates by reference its General Objections. Aurum objects to the Requests to the extent that Plaintiff seeks information and/or documents that exceed or are otherwise unrelated to the matters in controversy and, therefore, impose undue burden, hardship, oppression and expense upon Aurum. Aurum further objects to the Requests that they seek various forms of documents which are unreasonably cumulative or duplicative or demand production of documents that are obtainable from other sources, *i.e.,* the named Defendants in this action, that are more convenient, less burdensome, or less expensive.

3.    Text communications, Kakao Talk records, and other electronic messages sent or received by Jihoon Yoo or to Taeyoung Song, Jieun Oh, or other employees/managers/owners of Sunrise Seniors Services LLC during the period February 8, 2022, through present.

**Response:** Aurum objects to this request because it is grossly overbroad, unintelligible, unduly burdensome, and does not adequately describe which communications or which employees, managers and owners of Sunrise Seniors Services LLC are sought with reasonable particularity and specificity. Aurum further objects to this request as overbroad as to time to the extent that it seeks communications outside of the relevant time period of this action. Given the virtually limitless scope of this request, responding would require an unnecessary expenditure of time for irrelevant and/or duplicative documents and/or communications in the possession and control of the named Defendants. Aurum further objects to this Request as it is improper, overbroad, and amount to a fishing expedition.

4. Records sufficient to show Aurum's purchase from third parties of the food items appearing on the above-listed invoices, along with proof of payment thereof.

**Response:** Aurum objects to this request because it is grossly overbroad, unintelligible, unduly burdensome, and does not adequately describe which records or which parties are being requested or sought with reasonable particularity. Aurum further objects to the Requests to the extent that Plaintiff seeks information and/or documents that exceed or are otherwise unrelated to the matters in controversy and, therefore, impose undue burden, hardship, oppression and expense upon Aurum.

Aurum further objects to this Request to the extent it seeks information and/or documents protected privilege or substantive right, such as the right of privacy. Aurum reserves the right to withhold such information from production. The inadvertent production of a document protected by any privilege or substantive right shall not be construed as a waiver of such privilege or right, and, upon discovery of such document by Plaintiff, such document (and all copies thereof) shall be immediately returned Aurum.

Aurum further objects to this Request as it is vague in that it is not tailored to any time period, immaterial and outside the scope of discovery. Aurum further objects to this Request on the grounds that is vague, ambiguous, subjective, undefined terms and amounts to a fishing expedition, particularly the context of this request.

5. Copies of the 1099 or other tax form for tax year 2021 reporting the receipt of funds by Aurum from Sunrise Senior Services LLC.

**Response:** Aurum incorporates by reference its General Objections. Aurum objects to the Requests to the extent they seek information and/or documents that exceed or are otherwise unrelated to the matters in controversy and, therefore, impose undue burden, hardship oppression and expense upon Aurum. Aurum further objects to the Requests as same are ambiguous, vague, unclear, and subjective. Aurum further objects as the Request is overbroad, unnecessarily intrusive and harassing, improper and inappropriate given the issues in this case.

6. Copies of the ledger showing payments for the goods described in the above-listed invoices and payments made by Sunrise Senior Services LLC from September 2021 through present.

**Response:** Aurum incorporates by reference its General Objections. Aurum objects to the Requests to the extent they seek information and/or documents that exceed or are otherwise unrelated to the matters in controversy and, therefore, impose undue burden, hardship oppression and expense upon Aurum. Aurum further objects to this request as being overbroad, vague, ambiguous and not reasonably limited in scope. Plaintiffs also object to this request to the extent it seeks documents or materials that are irrelevant and/or immaterial to this lawsuit and/or intended to harass, annoy and/or embarrass Plaintiffs and otherwise amounts to a mere fishing expedition.

Notwithstanding the general objections and forgoing objections, *see* **Exhibit 1.**

7.     Logs reflecting the delivery or shipment of the goods described in the above-listed invoices, both Aurum from a third party, and from Aurum to Sunrise Serios Services LLC.

**Response:** Aurum incorporates by reference its General Objections. Aurum objects to the Requests to the extent they seek information and/or documents that exceed or are otherwise unrelated to the matters in controversy and, therefore, impose undue burden, hardship oppression and expense upon Aurum. Aurum further objects to this request as being overbroad, vague, ambiguous and not reasonably limited in scope. Plaintiffs also object to this request to the extent it seeks documents or materials that are irrelevant and/or immaterial to this lawsuit and/or intended to harass, annoy and/or embarrass Plaintiffs and otherwise amounts to a mere fishing expedition.

Aurum further objects on the grounds that this request is overbroad, unduly burdensome, and seeks information that is irrelevant that therefore not related to any claim or defense in this action. Aurum further object to this request to the extent that it is completely unbounded by ant time limitations whatsoever.

Dated:  Hollis, New York
         March 21, 2024

                                          **SMIKUN LAW, PLLC**

                                          By: _____
                                          Alan Smikun, Esq.
                                          Smikun Law, PLLC
                                          80-15 188th Street, Suite 202
                                          Hollis, New York 11423
                                          P: 718-928-8820
                                          smikunlaw@gmail.com
                                          Attorney for Non-Party
                                          Aurum Trading, Inc.

To:  Rha Kim Grossman & McIlwain, LLP
     Jaclyn T. Kaplan, Esq.
     Attorneys for Plaintiff
     29 W 36th Street, Suite 402
     New York, New York 10018
     *VIA Electronic Mail*

 Gmail

Maya Kim <mayakim102023@gmail.com>

## Re: Subpoena

**Alan Smikun** <smikunlaw@gmail.com>
To: Maya Kim <mayakim102023@gmail.com>

Thu, Mar 21, 2024 at 10:14 AM

Good morning,

The subpoena responses/objections and Exhibits have been sent to opposing counsel.

**From:** Alan Smikun smikunlaw@gmail.com
**Date:** Thursday, March 21, 2024 at 10:12 AM
**To:** Jaclyn Kaplan jkaplan@rhakimlaw.com
**Subject:** Re: *Seok Jae Yang v. TaeYoung Song, et al.* under Index No.: 710786/2022 Aurum Trading Inc Non Party

Good morning,

Please see the attached Responses/Objections to the Subpoena with Exhibits.

Thank you,

Alan Smikun, Esq.

Smikun Law, PLLC

80-15 188th Street, Suite 202

Queens, New York 11423

Direct: 718-928-8820

Fax: 718-732-2868

Alan Smikun, Esq.

[Quoted text hidden]
[Quoted text hidden]

---

**2 attachments**

 **exhibit 1 combined[80].pdf**
1239K

**final responses subpoena 3.21.2024[4].pdf**
234K

 Gmail

**Maya Kim <mayakim102023@gmail.com>**

## Re: Subpoena

**Alan Smikun** <smikunlaw@gmail.com>                                    Thu, Mar 21, 2024 at 10:14 AM
To: Maya Kim <mayakim102023@gmail.com>

Exhibit 5

## (No subject)

안녕하세요 대표님! 한마음관련해서 통화드렸던 양석재입
니다.. 강진영 세무사(회계사가 아닌것은 알고계실거라 생
각합니다) 보내주신 자료들 잘 받았습니다 거기에 한마음
과같은 변호사까지 같이 수임하셨다는 소식까지 한마음통
해서 들었습니다.. 얼굴도 한번도 뵙지못한 제가 사장님께
폐를끼친적이 없는것같은데.. 이렇게 저와 좋지않은.관계
를 가지고 가시려는지 이해가 가지 않네요
아무튼.. 한마음쪽에서 쓰던 두번째 변호사도 또 견디지못
하고 바뀌게 된것같은데.. 저와 좋지 않은 감정을 가지시
게 됐다는게.. 유감이네요

저희쪽에 회사자료 주신부분.잘 받았고 제 이야기는 들어서
아시겠지만.. 회계자료 주신부분은 잘 활용토록 하겠습니
다..아마도 추가로 제 변호사통해 세금보고하신것도 요청
드릴듯하니 잘 대응해주셨으면 감사하겠습니다

사실대로 발행한적없다고 말씀해주시면.한마음과 저랑 엮
이실것도없고 이 진흙탕싸움에 들어오실필요없이 끝날것
같은데.. 잘 생각해주시면 감사하겠습니다. 한마음측은
여럿 변호사가 수임을 거절했다는부분만봐도 이치에 맞지
않게 진행을 하고 있다는건 알고계실겁니다.
말이 길어졌네요. 새 해 복많이 받으십쇼

Hello, Mr. CEO! This is Yang Seok-jae, who called you regarding Sunrise. I have received the materials sent by Tax Accountant Kang Jin-young (I am sure you know he is not a CPA). I also heard through Sunrise that you have hired the same lawyer as Sunrise. I have never had the chance to meet you in person and I don't believe I have caused any inconvenience to you, so I don't understand why you would want to have a bad relationship with me. Anyway, it seems that the second lawyer hired by Sunrise couldn't endure and has been replaced again. I feel bad for you that you have developed negative feelings towards me.

We have received the company materials you provided. As you might already know my story, I will make good use of the accounting materials you provided. I might also request additional tax documents through my lawyer from you, so I would appreciate it if you could respond well to that.

If you could state that you have never issued such invoices, it seems there would be no need for you to get involved with Sunrise or me in this messy fight, and it could all end. I would appreciate it if you could consider this. Considering that many lawyers have refused to represent Sunrise, you must be aware that they are proceeding in an unreasonable manner. My apologies for the long message. Wishing you a lot of happiness in the new year.

것이 맞으신지요 ? 저는 이에해당하는 물건도 이 인보이스
들도 이번에 처음 보게됐습니다 인보이스 자체들도 아름
트레이딩 주소나 연락처들도 없어서 . . .사장님께서 발행
하셨는지 진위 확인차 연락드립니다

만약 발행하셨다면 . 세금보고가 되어있을걸로 예상되는
데 . . 더 깊이 연류되시면 초면에 불편을 많이 드릴것같아
서 문자드립니다 .

21년말과
22년에 저에게 발행하신적이 없으시면 . .발행한적없다고
만 말씀주시면 . . 더 이상 불편드릴일은 없을것같습니다
초면에 신례가 많았습니다

This is Yang Seokjae who just spoke with you on the phone. Please call me when you have time. As I mentioned, Through my lawyers, I received over $400,000 of invoices from your company, Aurum Trading that were issued in year 21 and year 22. Is it correct that you issued these invoices? This is my first time seeing these items and these invoices. The invoice itself doesn't have any address or contact information of Aurum trading. I am contacting you to confirm the authenticity of the invoices issued by you. If it was issued, it is expected that a tax report has been filed... I am sending you a text message because I think it will cause a lot of inconvenience if you are involved more deeply. If you did not issue this to me at the end of year21 and year22... just tell me that you didn't issue it then I don't think there will be any further inconvenience. Sorry to bother you.

Yoo, Ji hoon
55 West 47th St #1060
New York NY 10036

Retail

U.S. POSTAGE PAID
FCM LG ENV
FLUSHING, NY 11358
OCT 19, 2024

UNITED STATES
POSTAL SERVICE®

11201

$12.10

RDC 99

S2324K500898-08

USMS

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

9589 0710 5270 1415 1930 01

Clerks office
United States District
Court, EDNY
225 Cadman Plaza Eas
Brooklyn NY 11201
ATTN: Pro Se Off